## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LORI ANN SANDOVAL, and her four minor
children, NICK, TIM, ANDREA, and JAMES,
by their mother and next friend, and JOSE
RUDY SANDOVAL,**

   **Plaintiffs,**

**vs.**                **No. CIV 95-1594 MV/RLP**

**BOYD MAZER and CARMEN MAZER
d/b/a NORTH COURT MOBILE HOME PARK,**

    **Defendants**

**vs.**

**LINDEN GRIFFEE,**

    **Intervenor/Plaintiff.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND DEFENDANTS' COUNTER MOTION FOR FEES

   **THIS MATTER** comes before the Court on Plaintiffs' Motion for Attorneys' Fees **[Doc. No. 64]** and Defendants' Counter Motion for Fees **[Doc. No. 66]** filed July 28, 1997. The Court, having considered the motions, response, reply and being otherwise fully informed finds that the motions are not well-taken and will be **DENIED**.

### BACKGROUND

   The undisputed facts in this case reveal that Plaintiffs filed an action against Defendants under the Fair Housing Act. Plaintiffs received an Offer of Judgment on May 7, 1997, which referenced a proposed written confidential settlement agreement previously received on or about

April 24, 1997.  Plaintiffs accepted the offer on May 7, 1997, with two proposed changes.

Defendants' counsel subsequently conveyed to Plaintiffs' counsel a new oral offer of settlement

resolving the two issues raised by Plaintiffs.  On or about May 27, 1997, Plaintiffs signed a

Settlement Agreement memorializing the Defendants' oral offer of settlement and incorporating

interest on the settlement amount.  On or about June 2, 1997, Defendants' counsel informed

Plaintiffs' counsel that the oral settlement offer did not contemplate interest.  Plaintiffs then

accepted the oral settlement offer without interest.

Defendant Carmen Mazer signed and executed the Settlement Agreement on or about

June 3, 1997.  Defendant Boyd Mazer, however, refused to sign the Settlement Agreement.

Plaintiffs' counsel therefore began preparing for the Pretrial Conference scheduled for June 5,

1997, and the jury trial scheduled for June 9, 1997.  Plaintiffs also filed a Motion to Enforce the

Settlement Agreement.

At the Pretrial Conference held before this Court on June 5, 1997, Defendant Boyd Mazer

signed an Amended Settlement Agreement, which altered one term of the original Settlement

Agreement.  Plaintiffs orally stated that in entering into the Amended Settlement Agreement they

did not intend to waive their right to pursue the fees and expenses they incurred due to Defendant

Boyd Mazer's refusal to sign the Settlement Agreement.  The Court informed Plaintiffs that they

should submit a motion.  An Order of Dismissal was immediately entered by the Court.

Both the Settlement Agreement and the Amended Settlement Agreement contained the

following language:

The parties agree that this is a global settlement of all of the issues which have

2

been raised between the Parties to the lawsuit or could have been raised by the
Parties hereto or third parties, their successors and assigns.  Each of the Parties
hereto agrees that no further claim or legal action will be made by any of the
parties to this agreement against any of the other parties to this agreement arising
out of the transaction involved in the captioned lawsuit.  The Settling Parties will
execute and file an Agreed Order dismissing all claims among and between them in
the above-styled and numbered cases with prejudice.  Each party will bear its own
costs.

. . . .

Except for the agreements set forth herein, the Parties hereby to release and
discharge each other from any and all claims, demands, or suits, known or
unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted
in the above case, as of this date, arising from or related to the events and
transactions which are the subject matter of this cause . . ..

*See* Defendants' Response to Motion for Fees and Counter Motion for Fees at p. 2-3.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure and the Settlement

Agreement between the parties, Plaintiffs now seek an award of the attorneys' fees incurred in

preparing for the Pretrial Conference, preparing for the trial, and preparing and filing their Motion

to Enforce the Settlement Agreement.  Defendants have counterclaimed for the attorneys' fees

they incurred in responding to this motion.

## ANALYSIS

Local Rule 54.5 provides that a "motion for attorney's fees not brought pursuant to the

Equal Access to Justice Act, 28 U.S.C. § 2412(d), must be filed and served within thirty (30)

calendar days after entry of judgment.  Failure to file and serve within this time constitutes waiver

of a claim to attorney's fees."  D.N.M. LR-Civ. 54.5(a).  The Stipulation of Dismissal in this case

was filed on June 5, 1997.  The Motion for Attorneys' Fees was not filed until July 28, 1997.  The

motion is therefore untimely and will not be considered by the Court.

Defendants' counter motion seeks recovery of the fees incurred in responding to Plaintiffs'

motion pursuant to the provision of the Amended Settlement Agreement that states that "[i]f litigation is brought to construe or enforce this Agreement, the prevailing party shall be entitled to recover attorney's fees, as well as court costs and expense, including the cost of the mediation." At the Pretrial Conference before this Court, Plaintiffs specifically attempted to preserve their right to seek the attorney's fees incurred due to Defendant Boyd Mazer's failure to sign the Settlement Agreement.  Plaintiffs therefore had a good faith belief that their motion was not covered by the terms of the Amended Settlement Agreement.  Under these circumstances, the Court declines to award fees to Defendants.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Attorneys' Fees [Doc. No. 64] is hereby DENIED as untimely.

IT IS FURTHER ORDERED that Defendants' Counter Motion for Fees [Doc. No. 66] is DENIED.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE